**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**James GRANDBERRY,**
**Defendant-Appellant.**

**No. 39800.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Jan. 9, 1979.

Robert C. Babione, Public Defender, James B. Ashwell, Blair K. Drazic, Asst. Public Defenders, St. Louis, for defendant-appellant.

John D. Ashcroft, Paul Robert Otto, Steven S. Clark, Jefferson City, George A. Peach, Circuit Atty., Jeffrey A. Cowin, St. Louis, for plaintiff-respondent.

CRIST, Judge.

Defendant was convicted of operating a motor vehicle without the owner's consent. There was evidence of a prior conviction, and the court assessed punishment at five years in the Department of Corrections.

Defendant claims that the evidence was insufficient to prove that he operated the motor vehicle. We agree.

Joseph Hoeing, a police officer, was the only witness for the State to testify regarding the operating of the automobile. He stated that while on patrol he stopped the automobile in question. He did not know how many occupants were in the car. The defendant was one of the occupants. He arrested the defendant for operating a motor vehicle without the owner's consent. No other evidence on this issue was adduced by the State on direct examination.

We initially hold that the State's evidence, the arresting officer's testimony, did not establish that defendant was operating the car. It did establish that defendant was one among an unknown number of occupants in the car and that he was placed under arrest for the offense charged. That was not enough.

The next issue presented is whether defendant's cross-examination of the police officer filled this gap and produced evidence that defendant was operating the car. We hold that it did not. Throughout most of the examination, the questions posed and the answers elicited were with obvious reference to the operator of the vehicle, but that individual was never identified.

The officer testified that he did not have to chase *him*. *He* pulled right over. I asked *him* to disconnect the connection. *He* made a statement to me. Defendant's counsel then inquired whether the officer questioned him as to the ownership of the car. There was an objection followed by several other questions to which objections were made. Defendant's attorney, not in the presence of the jury, told the court that he wanted to ask if the police officer conducted any further investigation as to the ownership of the car and as to where Mr. Grandberry, the defendant, received the car. The court permitted defendant's attorney to inquire of the police officer about the ownership of the car and we quote from the transcript:

> "Q (By Mr. Ashwell) After you talked to Mr. Grandberry about the ownership of the car and after anything he may have said to you, did you conduct any investigation?
>
> A Yes, I did."

The State concedes that the references to "he" and "him" were "obscure as to referent" but that the question and answer set out above clarified the reference. The attorney's question above did not fill the evidentiary gap. "A question is not evidence, and may be considered only as it supplies meaning to the answer." MAI–CR 2.02. A question may only supply meaning to an answer if it has been asked prior to the answer. The issue then is whether the police officer's response to that question supplied meaning to his previous answers.

We hold there was insufficient evidence to establish that defendant was operating the vehicle at the time of his arrest. A jury cannot be permitted to speculate as to whom a witness is referring to in order to establish a key element in a criminal case. *State v. Tolliver*, 562 S.W.2d 714, 720 (Mo. App.1978) and *State v. Talbert*, 524 S.W.2d 58 (Mo.App.1975).

An allegation that the State has not made a submissible case is cognizable under the plain error review standard. *State v. Dayton*, 535 S.W.2d 479, 491 (Mo.App.1976). The judgment must then be reversed under controlling rulings on former jeopardy. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 2147, 57 L.Ed.2d 1 (1978).

The judgment is reversed and the defendant discharged.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.